**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

NZOLA DE MAGALHAES

        Plaintiff,

v.

ROCHESTER INSTITUTE OF TECHNOLOGY,
et al,

        Defendants.



ORDER
13-CV-6620

### Relevant Background

The original scheduling order in this case was issued on July 9, 2014 (Docket # 17). It has been extended at least eight times on consent of both parties. See Docket ## 22, 23, 24, 27, 31, 32, 37, 38. The last amended scheduling order (Docket # 38) was issued on June 6, 2016. By consent of both parties that Order extended both the deadline to complete discovery and the deadline to file motions to compel to September 15, 2016.

After the last joint request to extend deadlines was issued by the Court, plaintiff sought additional extensions. These extensions were strenuously opposed by the defendants as untimely and without demonstrated good cause. Plaintiff's first motion to extend discovery was filed on September 21, 2016. See Docket # 40. Despite defendants' opposition, the Court granted plaintiff an additional three months to complete discovery but also ordered "that absent express agreement by all counsel, no further extensions of these deadlines will be granted by this Court." See

1

Docket # 46. The new discovery deadline was January 6, 2017. No extension was sought or granted as to motions to compel discovery.

A week before the extended discovery deadline expired, plaintiff filed another motion to extend discovery. Docket # 47. The defendants again opposed, arguing that the plaintiff lacked good cause for yet another extension and that plaintiff's counsel should not be permitted at this late date to depose additional witnesses. The Court held an extended hearing on April 10, 2017 and expressed its frustration at the need to extend discovery once again. The Court required the parties to confer off the record in an effort to identify exactly what plaintiff believed she had demanded and what had not yet been produced by defendants. After conferring, the parties reported that plaintiff would review all discovery materials and finalize document discovery in this case. Again, over the objection of the defendants, the Court granted plaintiff's motion to extend discovery for one month in order to allow completion of document review and also allowed plaintiff to conduct the deposition of two witnesses — Margaret Bailey and Renee Baker. See Docket # 54. During the hearing, the Court repeatedly advised counsel that "the time for discovery is over."

The May 12th deadline came and went. On July 18, 2017, over two months after the discovery deadline passed and ten months after the last deadline for motions to compel had expired, plaintiff filed the motion to compel now before the Court. See Docket # 58.

Plaintiff argues that defendants failed to provide complete responses as part of their answers to plaintiff's various discovery demands, some of which were informally "served" by letters dated after the May 12, 2017 discovery deadline. See Exhibits "L" and "P" annexed to Docket # 59. In addition, plaintiff seeks to compel more complete answers to its First Request for Admissions dated May 12, 2017 (the last day of discovery) but apparently not mailed to defendants until May 17, 2017 (after discovery had closed). See Exhibit "O" annexed to Docket # 63. Defendants obviously oppose all aspects of plaintiff's Motion to Compel, arguing again that plaintiff's motion is untimely, there is no good cause for her untimeliness, and the documents sought are not discoverable. See Docket # 63. Defendants also seek attorney fees and cost for having to respond to what they believe to be an untimely and meritless motion. Id.

## Discussion

The Court believes the record in this case will reflect a concerted effort by the Court to accommodate plaintiff and provide ample opportunity to complete discovery in this case. Plaintiff deserves her day in Court. But so do the defendants. There comes a point where a party's lack of diligence in prosecuting or defending a case not only adversely impacts the litigants' rights,

but also impairs the fair and efficient administration of justice. We are at that point in this case.

Plaintiff's motion to compel is untimely and does not set forth good cause as to why it could not and should not have been filed sooner. Despite the untimeliness of plaintiff's motion and lack of demonstrated good cause, the Court endeavored to go through each category of documents sought by plaintiff, and, to the extent appropriate given the posture of the case, directed defendants to supplement their production if responsive documents existed. Specifically, the Court directed defense counsel to produce: (1) any information in the database utilized by Renee Baker concerning defendants' efforts to recruit plaintiff as an employee of RIT; (2) copies of any written RIT Affirmative Action Plan for the years 2010, 2011 and 2012; (3) any reports or documents created or used by Renee Baker in a presentation to RIT's Board of Directors that mentions or references plaintiff; (4) a complete copy of the NSF Advance Grant; and (5) any documents describing or implementing the Future Faculty Program utilized by RIT in the recruitment and employment of plaintiff. All other aspects of plaintiff's motion to compel are denied as untimely and outside the scope of discovery permitted in the now expired discovery deadline Order (Docket # 54). Plaintiff's motion to compel more complete answers to her First Request for Admissions is denied as untimely. Defendants'

motion for attorney fees and costs associated with responding to plaintiff's motion is denied.

## Conclusion

For the reasons set forth on the record during the April 10, 2017 hearing and the November 17, 2017 hearing, plaintiff's motion to compel (Docket # 58) is **denied** except as set forth in this Decision and Order. Defendants shall provide any documents in their control or possession that are required by this Order to be produced no later than **December 29, 2017**. Discovery is closed. Dispositive motions shall be filed no later than **March 30, 2018**. No extension of the foregoing dates will be granted by this Court. All further proceedings in this case shall be before Judge Larimer.

**IT IS SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: November 17, 2017
Rochester, New York